UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE HUDSON, an individual, and SHAUN HUDSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:24-cv-01728-TLN-CSK<br><br>**ORDER** |

    This matter is before the Court on Defendant Costco Wholesale Corporation's ("Defendant") Motion for Summary Judgment. (ECF No. 9.) Plaintiffs Joyce Hudson ("Joyce") and Shaun Hudson ("Shaun") (collectively, "Plaintiffs") filed an opposition. (ECF No. 10.) Defendant filed a reply. (ECF No. 12.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises from a slip and fall that occurred at Defendant's warehouse in Vallejo, California on May 21, 2022.[2] (ECF No. 10-2 at 2.) On this day, Joyce slipped and fell on a wet substance as she was in the process of exiting the warehouse at 4:13 p.m. ("the Incident").[3] (*Id.* at 3, 7.) Plaintiffs are unaware of how long any dangerous condition was present on the ground before the Incident occurred. (*Id.* at 3.) Surveillance footage shows Defendant's employee walked through the area of the Incident at 3:44 p.m. (*Id.* at 7.)

On December 1, 2023, Plaintiffs filed a lawsuit against Defendant in Solano County Superior Court alleging personal injury and loss of consortium claims. (ECF No. 1-1 at 6.) On June 18, 2024, Defendant removed the action on the basis of diversity jurisdiction. (ECF No. 1.) On June 27, 2025, Defendant filed the instant motion. (ECF No. 9.)

II.     **STANDARD OF LAW**

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof

---

[1] Unless otherwise indicated, the facts summarized here are undisputed. (ECF No. 10-2.)

[2] Plaintiffs dispute this fact on the basis that Defendant stated the incident occurred on "May 1, 2022" instead of "May 21, 2022." (ECF No. 10-2 at 2.) However, in reply, Defendant acknowledges May 21, 2022, is the operative date and reference to the "May 1, 2022" date was a typographical error. (ECF No. 12 at 2; ECF No. 12-1 at 1–2.) Therefore, the Court considers this fact undisputed.

[3] Plaintiffs dispute this fact in part because Plaintiffs assert Joyce was still in the warehouse when the slip occurred. (ECF No. 10-2 at 3.) In reply, Defendant acknowledges Joyce was in the warehouse when the incident occurred. (ECF No. 12 at 2–3.) Therefore, the Court considers this fact undisputed.

1 at trial on a dispositive issue, a summary judgment motion may properly be made in reliance
2 solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at
3 324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a
4 party who does not make a showing sufficient to establish the existence of an element essential to
5 that party's case, and on which that party will bear the burden of proof at trial. *Id*. at 322–23.

6       If the moving party meets its initial responsibility, the burden then shifts to the opposing
7 party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus.*
8 *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv.*
9 *Co.*, 391 U.S. 253, 288–89 (1968).  In attempting to establish the existence of this factual dispute,
10 the opposing party may not rely upon the denials of its pleadings but is required to tender
11 evidence of specific facts in the form of affidavits, and/or admissible discovery material, in
12 support of its contention that the dispute exists. Fed. R. Civ. P. 56(c).  The opposing party must
13 demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the
14 suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that
15 the dispute is genuine, *i.e.*, "the evidence is such that a reasonable jury could return a verdict for
16 the nonmoving party." *Id*. at 251–52.

17       In the endeavor to establish the existence of a factual dispute, the opposing party need not
18 establish a material issue of fact conclusively in its favor. *Id.* at 249.  It is sufficient that "the
19 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
20 versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89.  Thus, the "purpose
21 of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether
22 there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule
23 56(e) advisory committee's note on 1963 amendments).

24       In resolving the summary judgment motion, the court examines the pleadings, depositions,
25 answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed.
26 R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982).  The evidence
27 of the opposing party is to be believed and all reasonable inferences that may be drawn from the
28 facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S.

at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at 587 (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 289).

### III. ANALYSIS

Defendant moves for summary judgment on both of Plaintiffs' claims, which are based on a theory of premises liability.  (ECF No. 9 at 2.)

Premises liability has the same elements as negligence: duty, breach, causation, and damages.[4]  *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016).  Further, to establish premises liability, a plaintiff must prove the store owner had actual or constructive notice of a dangerous condition prior to the plaintiff's injury.  *See Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001).

Defendant argues Plaintiffs' claims fail as a matter of law because Plaintiffs admit Defendant did not have actual or constructive notice of a dangerous condition.[5]  (ECF No. 9 at 16.)  In opposition, Plaintiffs do not address their admission and rather point to gaps in the surveillance footage, the unknown timing of the inception of the dangerous condition, and Defendant's alleged negligence in maintaining a hand sanitizer station to suggest there is a genuine dispute as to Defendant's notice of the dangerous condition.  (ECF No. 10 at 14–15.)

---

[4]  In diversity actions, federal courts apply state substantive law.  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).

[5]  Defendant also argues Plaintiffs' claims fail as a matter of law because Defendant reasonably maintained the premises.  (ECF No. 9 at 12.)  Because the Court concludes Plaintiffs cannot establish the notice element of a premises liability claim as a matter of law, the Court does not address this argument.

4

1    The Court finds Plaintiffs cannot establish a genuine dispute of material fact under the
2 theory of premises liability because Plaintiffs admitted Defendant did not have actual or
3 constructive notice in their responses to Defendant's requests for admission. (*See* ECF No. 9-2 at
4 43; ECF No. 9-2 at 55.) Under Rule 36(b) a party's admission conclusively establishes a fact
5 unless withdrawn. Admissions may serve as the basis for granting summary judgment. *Conlon v.*
6 *United States*, 474 F.3d 616, 621 (9th Cir. 2007). Here, Plaintiffs affirmatively conceded that
7 Defendant did not have actual or constructive notice of the dangerous condition. (*See* ECF No. 9-
8 2 at 43; ECF No. 9-2 at 55.) Further, Plaintiffs have not moved to withdraw or amend their
9 admissions. Plaintiffs did not even address the admissions in their opposition. (ECF No. 10.)
10 Thus, the admissions are conclusive. *See* Fed. R. Civ. P. 36(b).

11    Neither is Plaintiffs' contradictory evidence persuasive because admissions are not
12 rebuttable. *See* Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment (stating the
13 "new provisions give an admission a conclusively binding effect" that is more like an "admission
14 in pleadings or a stipulation drafted by counsel" than an "evidentiary admission of a party" which
15 may be rebutted); *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d
16 1102, 1111–12 (9th Cir. 2006) (the court and parties are bound by such admissions, which cannot
17 be "ignored by the district court simply because it finds the evidence presented by the party
18 against whom the admission operates more credible"). Accordingly, Plaintiffs' arguments
19 regarding the gaps in the surveillance footage, the unknown timing of the dangerous condition,
20 and Defendant's alleged negligent maintenance are inconsequential because this evidence cannot
21 create a triable issue of fact where Plaintiffs' admissions are conclusive that Defendant did not
22 have notice of the dangerous condition. *See* Fed. R. Civ. P. 36(b) advisory committee's note to
23 1970 amendment; *Tillamook Country Smoker, Inc.*, 465 F.3d at 1111–12.

24    Thus, the Court finds there is no genuine dispute as to whether Defendant had actual or
25 constructive notice of the dangerous condition. Accordingly, the lack of a genuine dispute as to
26 the notice element of premises liability dictates that Plaintiffs' claims for personal injury and loss
27
28

of consortium[6] must be summarily adjudicated. *See Celotex Corp.*, 477 U.S. at 322–23 (finding a claim must be summarily adjudicated if there is no triable issue of material fact in regard to an essential element of the claim). Defendant's Motion for Summary Judgment is GRANTED. (ECF No. 9.)

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. (ECF No. 9.) The Clerk of Court shall enter a Final Judgment in favor of Defendant and close this case.

IT IS SO ORDERED.

Date: December 9, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] A spouse's claim for loss of consortium is dependent on the other spouse's personal injury claim. *LeFiell Mfg. Co. v. Superior Court*, 55 Cal. 4th 275, 284–85 (2012).